# CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
## AND JAMES CITY COUNTY

In re Betty Dean Woodson Mazur

[April 15, 1997]

Case No. (Chancery) 10888

BY JUDGE WILLIAM L. PERSON, JR.

This case is currently before the Court on L. V. Woodson's Second Amended Motion Pursuant to § 8.01-271.1 ("the Motion"), in which he requests sanctions against Paul Mazur and Paul W. Mazur. This Court has held two hearings on this Motion, on January 6, 1997, and on March 12, 1997. Having considered the parties' pleadings, memoranda, and oral arguments, this court finds that the five Subpoenas Duces Tecum issued by Paul Mazur against Woodson and the Motion for Gynecological Examination and the Motion for Psychiatric Examination, both filed by Paul Mazur and Paul W. Mazur, are sanctionable under Virginia Code § 8.01-271.1. The other pleadings, motions, and papers complained of in Woodson's Motion are not sanctionable because the Court finds they were not filed for improper purposes.

In support of the Motion, Woodson submitted a detailed record of the expenses and fees incurred in responding to the pleadings, motions, and other papers, which he argues are sanctionable. They are as follows:

1. New Jersey divorce proceedings, filed by Paul Mazur on November 10, 1994,

2. Petition for Rehearing, filed by Paul Mazur on February 22, 1995,

3. Petition to Reinstate, filed by Paul Mazur on March 7, 1995,

4. Criminal assault charges, brought by Paul Mazur on April 23, 1995,

5. Petition to Reinstate and for Show Cause Order, filed by Paul Mazur on May 22, 1995,

6. Petition to Reinstate and Motion to Reconsider, filed by Paul Mazur on June 30, 1995,

7. Motion to Reconsider, filed by Paul Mazur on August 31, 1995,

8. Federal court proceedings, filed by Paul and Paul W. Mazur on October 31, 1995,

9. Motion for Recusal, filed by Paul and Paul W. Mazur on March 9, 1996,

10. Petition for Visitation, filed by Paul and Paul W. Mazur on March 9, 1996,

11. Subpoena Duces Tecum against Woodson, propounded by Paul Mazur on March 16, 1996,

12. Civil Warrant in Debt, filed by Paul Mazur on March 19, 1996,

13. Subpoena Duces Tecum against Anderson, propounded by Paul Mazur on March 19, 1996,

14. Petition for Temporary Visiting Order, filed by Paul Mazur on March 21, 1996,

15. Witness Subpoenas for Ethel Woodson Johnson and Betty Dean Woodson Mazur, filed by Paul Mazur on March 29, 1996,

16. Witness Subpoena for Betty Dean Woodson Mazur, filed by Paul Mazur on April 1, 1996,

17. Four Subpoenas Duces Tecum against Woodson, filed by Paul Mazur on April 24, 1996,

18. Witness Subpoenas for Ethel Woodson Johnson and Christine Juanita Woodson, filed by Paul Mazur on May 8, 1996,

19. Petition for Appointment of Guardian, filed by Paul W. Mazur on May 8, 1996,

20. Motion for Gynecological Examination, filed by Paul and Paul W. Mazur on May 8, 1996,

21. Motion for Psychiatric Examination, filed by Paul and Paul W. Mazur on May 13, 1996,

22. Witness Subpoena for Betty Dean Woodson Mazur, filed by Paul Mazur on May 15, 1996,

23. Unsigned Interrogatories to Woodson, filed by Paul Mazur on May 16, 1996,

24. Unsigned Interrogatories to Woodson, filed by Paul Mazur on June 29, 1996,

25. This Motion.

Woodson does not argue that all the above-listed items are sanctionable by themselves. Rather, he argues that the above-listed non-sanctionable papers demonstrate that Paul and Paul W. Mazur had an improper purpose in filing the other papers. In oral argument on January 6, 1997, Anderson conceded that proceedings in other courts are not sanctionable by this Court. (*See* Tr. at 51, 60.) Therefore, this Court will consider the New Jersey divorce proceedings, the criminal assault charges, the federal court proceedings, and the Civil

Warrant in Debt (items (1), (4), (8), and (12)) only to the extent that they may demonstrate an improper purpose for filing the other papers.

Woodson argues that Paul Mazur's allegations in the New Jersey divorce complaint and Paul W. Mazur's letters demonstrate that both Mazurs filed pleadings, motions, and other papers with the improper purpose of harassing Woodson. In the New Jersey divorce proceeding, which he later dropped, Paul Mazur accused his wife, Betty Dean Woodson Mazur, of extreme cruelty toward him and stated that all of their children "have expressed their hatred for [her]" and that her cruelty "endangered the safety and health of [Paul Mazur] and made it improper and unreasonable to expect him to continue to cohabit with [her]." In letters written on October 27, 1994, April 8, 1995, August 15, 1995, and July 5, 1996, Paul W. Mazur expressed animosity toward Woodson, Anderson, and this Court, referring to them and others as "gutless cowards." He stated an intention to "keep after them [Woodson, Anderson, this Court, and others] for the rest of their lives .... The longer it goes, the more vicious it is going to get." He commented that he was "turning the screws a little on Victor [Woodson], for now, but the rest of them are going to get it also."

Under Code § 8.01-271.1, a court may sanction a party for filing any motion, pleading, or other paper that (1) is not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (2) is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needlessly increases the cost of litigation. Va. Code § 8.01-271.1. The statute provides for sanctions on either the person who signed the paper or the represented party or both. *Id.* The sanction may include the reasonable expenses the other side incurred because of the filing of the violative paper, including a reasonable attorney's fee. *Id.* However, "the threat of a sanction should not be used to stifle counsel ... in asserting a client's rights in a doubtful case." *Oxenham v. Johnson*, 241 Va. 281, 286 (1991).

Although the divorce complaint and letters do indicate that Paul and Paul W. Mazur bore ill will toward Betty Mazur and Woodson, respectively, Woodson has not shown that the Mazurs filed all of the above-listed papers with an improper purpose. An improper motive does not preclude a proper motive, and where a party has a proper purpose for pursuing a legal course of action, the presence of an improper purpose will not necessarily render the papers he filed sanctionable. Some litigants harbor animosity toward their opponents and are partially motivated by a desire to injure them, but where they do not have an improper purpose, their pursuit of a course of action well grounded in fact and warranted by existing law should not be sanctioned.

Paul Mazur's Petitions for Rehearing, to Reinstate and for Show Cause Order, and to Reconsider (items (2), (3), and (5) through (7)), are not sanctionable. Paul Mazur was within his rights to urge this Court to reconsider its ruling. Likewise, his Motion for Recusal, (item (9)), is not sanctionable because a party may question the objectivity of a judge. The Petitions for Visitation, (items (10) and (14)), are not sanctionable because Woodson has not shown that Paul Mazur did not have the proper purpose of wanting himself and his children to see his wife. Paul W. Mazur's petition for appointment of guardian, item (19), was motivated at least in part by the proper purpose of wanting to be closer to his mother and by concerns over Woodson's fitness as guardian.

Paul Mazur's witness subpoenas against Ethel Johnson and Christine Woodson, (items (15) and (18)), are not sanctionable under this Motion because Johnson and Christine Woodson are not Anderson's clients and their attorneys have not requested sanctions. The Witness Subpoenas against Betty Mazur, (items (15), (16), and (22)), the subject of these proceedings, were filed for a proper purpose, even though she was not called as a witness.

Although both the Rules of the Supreme Court of Virginia and Code § 8.01-271.1 require that discovery requests be signed, failure to do so is not sanctionable. *See* Rule 4:1; Va. Code § 8.01-271.1. Where a discovery request is unsigned, the rules provide that it "shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request ... and a party shall not be obligated to take *any action* with respect to it until it is signed." *Id.* (emphasis added). Code § 8.01-271.1 deals similarly with unsigned papers: "If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Va. Code § 8.01-271.1. Section 8.01-271.1 prescribes sanctions only upon papers "*signed* ... in violation of this rule.*" Va. Code § 8.01-271.1 (emphasis added). Woodson was not obligated to take any action in response to the unsigned interrogatories. The Court finds that they, (items (23) and (24)), are not sanctionable.

The Motions for Gynecological and Psychiatric Examinations, (items (2) and (21)), however, are sanctionable. They have no proper purpose; instead, it appears from the face of the documents and from reference to Paul W. Mazur's letters and Paul Mazur's divorce complaint that they were filed for the purpose of harassing Woodson and Betty Mazur and of increasing expenses for Woodson. Further, the Mazurs withdrew their two motions without any argument.

Paul Mazur has filed Subpoenas Duces Tecum against Woodson, (items (11) and (17)), a party in these proceedings. The Rules of the Supreme Court

of Virginia provide that subpoenas duces tecum may be issued against a "person not a party" to the pending suit. Rule 4:9. The filing of subpoenas duces tecum against Woodson, therefore, was not warranted by existing law and hence violated § 8.01-271.1.

The Court hereby sanctions Paul Mazur and Paul W. Mazur for filing Motions for a Gynecological and Psychiatric Examination. The Court also awards Woodson sanctions against Paul Mazur for filing Subpoenas Duces Tecum against Woodson, a party to the proceeding including reasonable attorney's fees in the amount of $175.00. The other complained-of motions, pleadings, and other papers are not sanctionable.